IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EDWARD WARD, Individually and on**                            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 5:20-cv-531

**LIBERTY OILFIELD SERVICES, LLC, and**                    **DEFENDANTS**
**LIBERTY OILFIELD SERVICES, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Edward Ward ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Liberty Oilfield Services, LLC, and Liberty Oilfield Services, Inc. (collectively "Defendants" or "Defendant"), he states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all other similarly situated employees of Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff and all other hourly-paid employees lawful overtime compensation for hours in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business in this District and a substantial part of the events alleged herein occurred in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

7. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

8. Plaintiff is an individual and a citizen and resident of Bexar County.

9. Defendant Liberty Oilfield Services, LLC, ("Liberty LLC"), is a Colorado limited liability company, registered to do business in Texas.

10. Liberty LLC's registered agent for service in Texas is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Separate Defendant Liberty Oilfield Services, Inc. ("Liberty Inc."), is a Colorado for-profit corporation, registered to do business in Texas.

12. Liberty Inc.'s registered agent for service in Texas is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13. Defendants maintain a website at https://www.libertyfrac.com/.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

15. Liberty LLC and Liberty Inc. were at all times relevant hereto operating as a joint enterprise, with centralized policies, particularly regarding pay, applied to all employees and with unified control and management.

16. Liberty LLC and Liberty Inc. acted jointly as "employers" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, the employers of Plaintiff.

17. Liberty LLC and Liberty Inc. exercised unified operational control and management, as well as control over Plaintiff and other employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees.

18. Upon information and belief, the revenue generated from Liberty LLC and Liberty Inc. is merged and managed in a unified manner.

19. Liberty LLC and Liberty Inc. operate a principal office at 950 17th Street, Suite 2000, Denver, Colorado 80202.

20. As a result of this unified operation, control, management, and ownership with the authority to establish wages and pay policies, Liberty LLC and Liberty Inc. operated as a single enterprise.

21. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

22. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

23. Defendants were at all times relevant hereto Plaintiff's employer, as well as the employers of the members of the proposed classes and are and have been engaged in the interstate commerce as that term is defined under the FLSA.

24. Defendants operate an oil and natural gas company with locations across the United States including several in Texas.

25. Plaintiff was hired by Defendants as an hourly employee at one of Defendants' locations in Texas during the three years preceding the filing of this Complaint.

26. During Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid Plaintiff an hourly wage.

27. At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

28. Plaintiff worked for Defendants as an hourly-paid Equipment Operator from November of 2017 until April of 2020.

29. Plaintiff and other hourly-paid Equipment Operators for Defendants received daily field bonuses in the amount of thirty-five dollars ($35.00).

30. Plaintiff and other hourly-paid Equipment Operators also received quarterly performance bonuses.

31. Plaintiff and other hourly-paid Equipment Operators regularly worked in excess of forty (40) hours per week while working for Defendants.

32. Defendants paid Plaintiff and other hourly-paid Equipment Operators 1.5 times their base hourly rate for each hour they worked over forty (40) in a workweek.

33. However, Defendants did not include all forms of compensation, such as nondiscretionary bonuses given to Plaintiff and other hourly-paid Equipment Operators, in their regular rate of pay when calculating their overtime rate of pay.

34. Plaintiff and other Equipment Operators were classified as hourly employees and paid an hourly rate.

35. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

36. Defendants violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, in Plaintiff's and similarly situated employees' regular rate when calculating their overtime pay.

37. Upon information and belief, Defendants' pay practices were the same for all hourly workers at all of Defendants' locations.

38. The pay practices that violate the FLSA alleged herein were the same at all of Defendants' locations because the policies were centralized human resources policies implemented uniformly from Defendants' principal office.

39. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff and similarly situated employees violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

41. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. Plaintiff brings his FLSA claims on behalf of all other hourly-paid Equipment Operators who were employed by Defendants at any time within the applicable statute of limitations period.

43. Plaintiff and all other similarly situated employees were classified by Defendants as non-exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

    A.   Payment for all hours worked, including payment of a lawful overtime premium for all hours worked in excess of forty (40) hours in a workweek;

    B.   Liquidated damages; and

    C.   Attorney's fees and cost.

44. The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

45. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A.   They were classified as non-exempt from overtime pay under the FLSA;

    B.   They were employed by Defendants as Equipment Operators;

    C.   They had the same or similar job duties;

D. They were paid hourly rates;

E. They recorded their time in the same manner;

F. They received nondiscretionary bonuses; and

G. They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

46. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds one hundred (100) persons.

47. Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

48. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours worked in excess of forty (40) per week.

51. Defendants violated 29 U.S.C.S. § 207 by failing to pay a proper overtime premium to Plaintiff for all hours worked over forth (40) each week.

52. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, in Plaintiff's regular rate when calculating his overtime pay.

53. Defendants' conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

55. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

57. Plaintiff brings this collective action on behalf of all similarly situated employees to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

58. Plaintiff brings this action on behalf of himself and all similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

59. At all relevant times, Defendants have been, and continue to be, and "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

60. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

61. Defendants classified Plaintiff and all other similarly situated employees as non-exempt from the overtime requirements of the FLSA and paid them an hourly wage.

62. Defendants violated 29 U.S.C.S. § 207 by failing to pay a proper overtime premium to Plaintiff and other similarly situated employees for all hours worked over forth (40) each week.

63. Defendants violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, in Plaintiff's and all other similarly situated employees' regular rate when calculating their overtime pay.

64. Defendants failed to pay these workers at the proper overtime rate.

65. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective of hourly-paid employees who received nondiscretionary bonuses may be properly defined as follows:

> **All hourly-paid Equipment Operators in the last three years who earned a bonus in connection with work performed in any week in which they worked more than forty (40) hours.**

66. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

67. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

68. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Edward Ward, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendants' practices violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*;

E. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime

compensation owed to Plaintiff and members of the collective during the applicable statutory period;

  F. An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

  G. Such other and further relief as this Court may deem just and proper.

  Respectfully submitted,

**PLAINTIFF EDWARD WARD,**
**Individually and on Behalf of**
**All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com